12-3257
Shao v. Holder

BIA
Nelson, IJ
A089 249 933

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand fourteen.

PRESENT:

DENNIS JACOBS,
DENNY CHIN,
SUSAN L. CARNEY,
        *Circuit Judges.*

_____

RONG SHAO,
        *Petitioner,*

        v.                                      12-3257
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Adedayo O. Idowu, New York, New
                       York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Linda S. Wernery,
                       Assistant Director; Theodore C.
                       Hirt, Senior Litigation Counsel,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Rong Shao, a native and citizen of the People's Republic of China, seeks review of a July 23, 2012 order of the BIA affirming the February 11, 2011 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Shao*, No. A089 249 933 (B.I.A. July 23, 2012), *aff'g* No. A089 249 933 (Immig. Ct. N.Y. City Feb. 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Shao's, which are governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding

2

on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We "defer...to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

The agency's adverse credibility determination is supported by substantial evidence. The agency reasonably based its credibility finding on the implausibility of Shao's testimony that: (1) she was issued an abortion certificate to obtain sick leave from work, in light of her testimony that she was unemployed at the time; (2) she left China for the sole reason that her pregnancy was forcibly aborted, in light of her testimony that she began preparing to leave China prior to becoming pregnant; and (3) she was issued a passport, despite her failure to pay a fine imposed for violating the family planning policy. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (finding that while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres

3

in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience"). Shao's ability to obtain a passport may support an adverse credibility determination when, as here, the IJ considered the totality of the circumstances, such as Shao's other implausible testimony. *See Ying Li v. Bureau of Citizenship and Immigration Servs.*, 529 F.3d 79, 82 (2d Cir. 2008) ("[W]hen an adverse credibility finding is based partly or entirely on implausibility, we review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized.").

Although Shao offered explanations for some of her implausible testimony, the IJ reasonably declined to credit those explanations, finding them insufficient. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (providing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). For example, the IJ reasonably rejected Shao's explanation for receiving an abortion certificate—that they are issued to all patients without regard to employment status—because she provided that testimony only when confronted with her testimony that

4

she was unemployed and it conflicted with her first explanation, that she needed it to obtain sick leave from her employer.

The adverse credibility determination is also supported by the IJ's observation that Shao was evasive and hesitant while testifying, and during the hearing fidgeted with her hands and looked down at the table while testifying. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (upholding a negative demeanor finding when supported by specific instances of inconsistent testimony). Contrary to Shao's argument, the IJ was not required to solicit an explanation for her demeanor because the problems were self-evident. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 295-96 (2d Cir. 2006) (holding that an applicant's failure to include any reference to his alleged detention and beating in his I-589 form is a "self-evident" inconsistency that the agency may rely on without first soliciting an explanation).

Shao challenges the BIA's finding that she did not provide sufficient corroborating evidence without identifying any missing documents. However, because Shao was not otherwise credible, the BIA was not required to identify the particular pieces of missing evidence, or show that this evidence was reasonably available to her before

relying on a lack of corroboration to affirm the IJ's credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). Moreover, the only pieces of evidence relevant to Shao's personal claim of forced abortion were her abortion certificate, which the IJ found lacked reliability, and letters from relatives describing events that the IJ found implausible. Accordingly, Shao's inability to submit independent, reliable corroborating evidence prevented her from rehabilitating her testimony. *See id.; Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given Shao's implausible testimony, evasive demeanor, and failure to corroborate her claim, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Shao's life or freedom depended upon her credibility, this adverse credibility determination necessarily precludes success on her claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk